## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

HEARTLAND TRADEMARKS, LTD.,

                Plaintiff,

            v.

DR FLAX LLC,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

:
:
:     Civil Action No.: 5:17-CV-795
:                     [MAD/ATB]
:
:
:
:

## <u>COMPLAINT</u>

Plaintiff Heartland Trademarks, Ltd. ("Plaintiff" or "Heartland"), for its Complaint against Defendant DR FLAX LLC ("Defendant"), alleges the following:

### <u>Nature of Action</u>

1.    This action is for trademark infringement, unfair competition, and deceptive business practices arising under federal, state, and common law.

2.    Plaintiff Heartland is the owner of the federally registered trademark, "FLAX" ("FLAX" or the "FLAX Mark"), for use in connection with dresses, skirts, pants, jackets, shirts, coats, and shoes (the "FLAX Goods"). Heartland has spent decades and millions of dollars using the FLAX Mark to promote and sell the FLAX Goods. These extensive efforts directly led to Heartland being considered a source of high-quality goods and the FLAX Goods becoming extremely popular with the buying public. More recently, Heartland was able to license the FLAX Mark and earn significant royalties based on the distinctiveness and quality of the FLAX

Goods.  Heartland remains the owner of the FLAX Mark and vigorously protects the FLAX Mark against any and all attempts by others to pass off their products as FLAX Goods.

3.      Upon information and belief, without Heartland's authorization, Defendant DR FLAX LLC is selling goods under labels that include, but are not limited to, "Dr Flax," "Dr. Flax," "Doctor Flax," "DoctorFlax," "dr.flax," and "@dr.flax," and by means that include, but are not limited to, direct-to-consumer sales on its website, http://doctorflax.com/ (the "Dr. Flax Domain"), thereby passing off its goods as FLAX Goods.

4.      Heartland therefore commences this action, *inter alia*, (i) to preliminarily and permanently enjoin Defendant's infringing use of Dr Flax, Dr. Flax, Doctor Flax, DoctorFlax, dr.flax, and @dr.flax, and the Dr. Flax Domain, and any and all other confusingly similar variations of the same; and (ii) for multi-million dollar damages arising from Defendant's efforts to benefit itself from the goodwill Heartland worked tirelessly to develop.

## Parties

5.      Plaintiff is a corporation organized and existing under the laws of New York, having its principal place of business at 2030 Erie Boulevard East, Syracuse, New York 13224.

6.      Upon information and belief, Defendant is a New Jersey limited liability company, having its principal place of business at 140 West Ethel Road, #J, Piscataway, New Jersey 08854.

## Jurisdiction and Venue

7.      Jurisdiction is based on 28 U.S.C. §§1331, 1332, 1338(a) and (b), and Section 39 of the Trademark Act of 1946, as amended (15 U.S.C. §1121) and the principles of pendent jurisdiction pursuant to 28 U.S.C. §1367(a).

- 2 -

8.      Venue is proper in this District under 28 U.S.C. §1391(b) and (c) in that a substantial part of the events and omissions giving rise to the claims asserted herein occurred or had effects in this District.  Upon information and belief, Defendant, *inter alia*, has advertised and sold goods in this District; has shipped goods into this District; has used the Dr. Flax Domain, Facebook, Instagram, catalog mailings, and other means of promotion to display the infringing marks and solicit business from residents of this District, who in turn have visited the Dr. Flax Domain and otherwise contacted Defendant to purchase goods; has conducted other business in this District; and has been unfairly competing with Plaintiff in this District.

## Facts Common to All Counts

### a.  Heartland's Use of the Distinctive and Valuable FLAX Mark

9.      Heartland is the owner of Trademark Registration No. 1,992,575 for FLAX for use in connection with dresses, skirts, pants, jackets, shirts, coats, and shoes.

10.     The FLAX Mark was initially registered on or about August 13, 1996 by Heartland's predecessor in interest, Jeanne Engelhart d/b/a Angelheart Designs ("Angelheart"). A copy of the registration is attached as **Exhibit "A"**.

11.     On or about October 25, 2002, Angelheart assigned the FLAX Mark, and all rights and privileges related thereto, to Heartland, making Heartland the sole, rightful owner of FLAX and the goodwill associated therewith.  A copy of the recorded assignment is attached as **Exhibit "B"**.

12.     Since 1993, the distinctive FLAX Mark was extensively and continuously used by Heartland, and its partners, predecessors, and licensees, on and in connection with the sale, promotion, advertising, and offering for sale of the FLAX Goods.

- 3 -

13.     Heartland, and its partners, predecessors, and licensees, promoted and advertised the FLAX Goods under the FLAX Mark throughout the United States, including but not limited to the State of New York, as well as internationally.

14.     Heartland spent millions of dollars to manufacture, advertise, promote, sell, and ship the FLAX Goods identified by the FLAX Mark.

15.     The FLAX Goods have enjoyed a high degree of commercial success over the years such that members of the trade and the public have associated, and will continue to associate, any and all merchandise identified by the FLAX Mark as originating from a single source.   Accordingly, the FLAX Mark has become synonymous with and distinctive of the FLAX Goods.

16.     As a result of Heartland's extensive and longstanding sale and promotion of the FLAX Goods, as well as the quality and public recognition of the FLAX Goods, the FLAX Mark has acquired tremendous value as designating products of the highest quality.

17.     More recently, in 2014, Heartland entered into a new license agreement, effectively delegating the sale and promotion of the FLAX Goods, while securing significant sales royalties to Heartland.   During the period of the license, which continues through the present, Heartland has been and remains the exclusive owner of all right, title, and interest in the FLAX Mark and the goodwill developed therein.

18.     Heartland has statutory and common law rights in the FLAX Mark.

b. *Defendant's Infringing Use of "Dr Flax," "Dr. Flax," "Doctor Flax," "DoctorFlax," "dr.flax," and "@dr.flax," and the Dr. Flax Domain*

19.     Upon information and belief, Defendant has been and presently is using terms that include, but are not limited to, Dr Flax, Dr. Flax, Doctor Flax, DoctorFlax, dr.flax, and @dr.flax to promote and sell personal goods.

20.     Upon information and belief, Defendant is selling at least 30 styles of clothing, plus accessories and other apparel, under the label, Dr. Flax (the "Infringing Goods").  The Infringing Goods can be identified by information contained on the Dr. Flax Domain (http://doctorflax.com/).

21.     Upon information and belief, Defendant is using the Dr. Flax Domain to promote and sell the very same types of products that Heartland promotes and sells to its customers.

22.     Upon information and belief, in addition to the Dr. Flax Domain, Defendant is using other forms of interstate commerce, including but not limited to the Instagram page, @dr.flax, to promote and sell the Infringing Goods.

23.     Upon information and belief, Defendant's infringing use of Dr Flax, Dr. Flax, Doctor Flax, DoctorFlax, dr.flax, and @dr.flax, and the Dr. Flax Domain, is confusingly similar to FLAX.

24.     On June 30, 2017, Heartland wrote to Defendant demanding that it cease and desist from promoting and selling the Infringing Goods.  A copy of Heartland's cease and desist letter is attached as **Exhibit "C"**.

25.     On July 13, 2017, Defendant responded to Heartland by refusing to cease and desist from these infringing activities.

26.     Defendant's use of Dr Flax, Dr. Flax, Doctor Flax, DoctorFlax, dr.flax, and @dr.flax, and the Dr. Flax Domain, in connection with the Infringing Goods has been without the authorization or consent of Heartland.

27.     Further, such unauthorized use has continued in spite of Heartland's objections.

28.     Upon information and belief, Defendant's use of Dr Flax, Dr. Flax, Doctor Flax, DoctorFlax, dr.flax, and @dr.flax, and the Dr. Flax Domain, in connection with the Infringing Goods has caused and is likely to continue to cause confusion, mistake or deception of the public as to the source of origin of the Infringing Goods.

29.     Upon information and belief, the acts of Defendant complained of herein have been committed willfully and with full knowledge of Heartland's rights, and with the intention of deceiving the public and misleading the trade and public, and of wrongfully trading on the goodwill and reputation of Heartland and the FLAX Mark.

30.     By its acts, Defendant has caused, and unless restrained by the Court, will continue to cause, irreparable injury and damage to Heartland and its FLAX Mark.  Said acts of Defendant have caused and will continue to cause injury to the public as well.

## Count I

### Trademark Infringement Under The
### United States Trademark Act
### (15 U.S.C. §1114)

31.     Heartland restates and re-alleges all previous paragraphs contained in the Complaint as fully stated herein.

32.     Heartland's use of the FLAX Mark long predates Defendant's alleged use of Dr Flax, Dr. Flax, Doctor Flax, DoctorFlax, dr.flax, and @dr.flax, and the Dr. Flax Domain, in the United States.

33.     Upon information and belief, with full knowledge of Heartland's FLAX Mark, and the goodwill that Heartland has developed through FLAX, Defendants willfully and intentionally used Dr Flax, Dr. Flax, Doctor Flax, DoctorFlax, dr.flax, and @dr.flax, and the Dr. Flax Domain, to sell the Infringing Goods.

34.     Upon information and belief, Defendant's aforesaid acts are likely to cause confusion, mistake, or deception among customers as to the affiliation, connection, or association of the Infringing Goods with the FLAX Goods, and/or as to the source, origin, or sponsorship of the Infringing Goods.

35.     Defendant's acts complained of herein constitute infringement of Heartland's federally registered FLAX Mark, in violation of §32 of the United States Trademark Act (15 U.S.C. §1114).

36.     Defendant's acts complained of herein constitute willful, deliberate, and intentional infringement of Heartland's federally registered FLAX Mark, in violation of §32 of the United States Trademark Act (15 U.S.C. §1114).

37.     Defendant's infringing acts have caused, and unless enjoined, will continue to cause Heartland to suffer irreparable injury and damage for which there is no adequate remedy at law.

38.     Based upon the foregoing, Heartland has suffered and is entitled to damages in an amount to be proven at trial, but which is believed to exceed twenty million dollars

($20,000,000.00), plus treble damages, injunctive and other equitable relief, and attorneys' fees and costs as allowed by law.

## Count II

### Unfair Competition
### and False Designation of Origin
### (15 U.S.C. §1125)

39.     Heartland restates and re-alleges all previous paragraphs contained in the Complaint as fully stated herein.

40.     Defendant's unauthorized use of Dr Flax, Dr. Flax, Doctor Flax, DoctorFlax, dr.flax, and @dr.flax, and the Dr. Flax Domain, as aforesaid, constitutes false designation of origin and false and misleading descriptions or representations as to products made available by Defendant, as well as unfair competition, in violation of §43(a) of the Trademark Act (15 U.S.C. §1125(a)).

41.     Defendant's infringing acts have caused, and unless enjoined, will continue to cause Heartland to suffer irreparable injury and damage for which there is no adequate remedy at law.

42.     Based upon the foregoing, Heartland has suffered and is entitled to damages in an amount to be proven at trial, but which is believed to exceed twenty million dollars ($20,000,000.00), plus treble damages, injunctive and other equitable relief, and attorneys' fees and costs as allowed by law.

## Count III

### Trademark Infringement and Unfair Competition
### Under New York Law

43.     Heartland restates and re-alleges all previous paragraphs contained in the Complaint as fully stated herein.

44.     This count, arising under the common law of the State of New York, is for unfair competition and infringement of Heartland's FLAX Mark.

45.     Defendant's unauthorized use of Dr Flax, Dr. Flax, Doctor Flax, DoctorFlax, dr.flax, and @dr.flax, and the Dr. Flax Domain, as aforesaid, and Defendant's passing off the Infringing Goods as FLAX Goods constitutes an unlawful appropriation of Heartland's rights in and to the FLAX Mark, and constitutes trademark infringement and unfair competition in violation of the common law of the State of New York.

46.     Defendant's infringing acts have caused, and unless enjoined, will continue to cause Heartland to suffer irreparable injury and damage, for which there is no adequate remedy at law.

47.     Based upon the foregoing, Heartland has suffered and is entitled to damages in an amount to be proven at trial, but which is believed to exceed twenty million dollars ($20,000,000.00), injunctive and other equitable relief, and attorneys' fees and costs as allowed by law.

**Count IV**

**Deceptive Trade Practices
Under New York Statutory Law
(New York General Business Law §349)**

48.     Heartland restates and re-alleges all previous paragraphs contained in the Complaint as fully stated herein.

49.     Defendant's unauthorized use of Dr Flax, Dr. Flax, Doctor Flax, DoctorFlax, dr.flax, and @dr.flax, and the Dr. Flax Domain, as aforesaid, constitutes deceptive acts in the conduct of its business, trade, or commerce in New York and constitutes deceptive trade practices under Article 22-A of New York's General Business Law §349.

50.     Defendant's infringing acts have caused, and unless enjoined, will continue to cause Heartland and the public to suffer irreparable injury and damage, for which there is no adequate remedy at law.

51.     Based upon the foregoing, Heartland has suffered and is entitled to damages in an amount to be proven at trial, but which is believed to exceed twenty million dollars ($20,000,000.00), plus treble damages, injunctive and other equitable relief, and attorneys' fees and costs as allowed by law.

**Prayer for Relief**

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.     That judgment be entered in favor of Plaintiff on all causes of action set forth herein, including finding Defendant to have engaged in acts of trademark infringement, false designations or representations or descriptions, unfair competition, and deceptive trade practices, all in violation of federal, state, and common law as alleged;

2.     That Defendant, its officers, agents, employees, attorneys, representatives, successors and assigns, and all persons in privity or acting in concert with Defendant, and each and all of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

(a)     using in any manner, or holding itself as having rights to use, the terms, "Dr Flax," "Dr. Flax," "Doctor Flax," "DoctorFlax," "dr.flax," or "@dr.flax," the Dr. Flax Domain, or any other name, mark, designation, or internet domain name confusingly similar to Plaintiff's FLAX Mark to identify, designate, describe or refer to itself, or any goods it offers;

(b)     using the terms, "Dr Flax," "Dr. Flax," "Doctor Flax," "DoctorFlax," "dr.flax," or "@dr.flax," the Dr. Flax Domain, or any other name, mark, designation, or internet domain name confusingly similar to Plaintiff's FLAX Mark to render, offer, sell, advertise or promote, any goods or services;

(c)     making any statement or representation whatsoever, or using any false designation of origin or false description or false representation, or performing any act, which can or is likely to cause confusion, mistake, or to deceive, or otherwise mislead the trade or public into falsely believing that Plaintiff and Defendant are one and the same or that there is an affiliation or relationship between Plaintiff and Defendant or the products and services they offer; and

(d)     engaging in any other activity constituting unfair competition with Plaintiff, or constituting infringement of Plaintiff's FLAX Mark, or constituting deceptive trade practices;

3.      That Defendant be required to deliver up for destruction all of the Infringing Goods as well as all merchandise, products, stationery, business forms, packaging, labels, signs, advertisements, brochures, promotional materials, and other written materials which bear the infringing terms, "Dr Flax," "Dr. Flax," "Doctor Flax," "DoctorFlax," "dr.flax," or "@dr.flax," the Dr. Flax Domain, or any variations thereon that are confusingly similar to Plaintiff's FLAX Mark;

4.      The Defendant be required to assign the internet domain name registration for http://doctorflax.com/, and any and all iterations thereof, to Plaintiff;

5.      That Defendant be required to compensate Plaintiff for the damages suffered as a result of the actions complained of herein, in an amount to be proven at trial, but which are believed to exceed twenty million dollars ($20,000,000.00);

6.      That Defendant be required to account to Plaintiff for any and all profits gained by Defendant through the use of the terms, "Dr Flax," "Dr. Flax," "Doctor Flax," "DoctorFlax," "dr.flax," or "@dr.flax," the Dr. Flax Domain, or any other name, mark, designation, or internet domain name confusingly similar to Plaintiff's FLAX Mark;

7.      That Plaintiff be awarded treble damages and prejudgment interest;

8.      That Plaintiff be awarded costs of this action and its reasonable attorneys' fees incurred herein; and

9.      That Plaintiff obtain such other and further relief as this Court may deem just and proper.

**<u>Demand for Jury Trial</u>**

Plaintiff hereby demands a trial by jury on all issues so triable.


Dated: Pittsford, New York
      July 20, 2017

                        HARRIS BEACH PLLC

                        By:  *s/Neal L. Slifkin*
                        NEAL L. SLIFKIN, ESQ.
                        NDNY Bar No.:  507799
                        99 Garnsey Road
                        Pittsford, New York 14534
                        Telephone:  (585) 419-8636
                        nslifkin@harrisbeach.com
                        and
                        TED H. WILLIAMS, ESQ.
                        NDNY Bar No.:  102830
                        333 West Washington Street – Suite 200
                        Syracuse, New York 13202
                        Telephone:  (315) 214-2015
                        twilliams@harrisbeach.com

                        *Attorneys for Plaintiff*

185219 3136958v13

- 13 -