**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**HEARTLAND TRADEMARKS, LTD.,**

                                       **Plaintiff,**

    **vs.**                                   **5:17-CV-0795**
                                           **(MAD/ATB)**

**DR FLAX LLC,**

                                   **Defendant.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **HARRIS, BEACH LAW FIRM** | **NEAL LOUIS SLIFKIN, ESQ.** |
| 99 Garnsey Road | |
| Pittsford, New York 14534 | |
| Attorneys for Plaintiff | |
| **HARRIS, BEACH LAW FIRM** | **TED H. WILLIAMS, ESQ.** |
| 333 West Washington Street - Suite 200 | |
| Syracuse, New York 13202 | |
| Attorneys for Plaintiff | |
| **HARRIS, BEACH LAW FIRM** | **TRISTAN D. HUJER, ESQ.** |
| 726 Exchange Street - Suite 1000 | |
| Buffalo, New York 14210 | |
| Attorneys for Plaintiff | |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On July 20, 2017, Plaintiff Heartland Trademarks, Ltd., commenced this action against

Defendant Dr. Flax LLC alleging trademark infringement, unfair competition, and deceptive

business practices. *See* Dkt. No. 1. Presently before the Court is Plaintiff's motion for default

judgment and a permanent injunction, which was filed on September 19, 2017. *See* Dkt. No. 19.

For the following reasons, Plaintiff's motion is granted in part and denied in part.

## II. BACKGROUND

The Court presumes the parties' familiarity with the facts and procedural history of this case and, therefore, recites only those facts necessary to resolve the pending motion. For a fuller statement of the background in this case, the parties are directed to the Court's August 1, 2017 Memorandum-Decision and Order ("August Order"). In the August Order, the Court granted Plaintiff's motion for a temporary restraining order and temporarily enjoined Defendant, its agents, employees, and representatives from "(a) using any name or mark that is a colorable imitation of, a variation on, or is confusingly similar to Plaintiff's FLAX mark; (b) using 'Dr. Flax' or any variation thereon as a name, trademark name, domain name, or in any other manner in order to offer, distribute, sell, advertise, or promote its goods." Dkt. No. 12 at 14. The Court also ordered Defendant to respond to Plaintiff's request for a preliminary injunction within fourteen days of the August Order. *See id.* After Defendant failed to respond within fourteen days, the Court granted Plaintiff's application for a preliminary injunction.

## III. DISCUSSION

### A.      Default Judgment Standard

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Carpineta*, No. 14-CV-0517, 2015 WL 500815, *1 (N.D.N.Y. Feb. 5, 2015) (quotation omitted). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Id.* (quotation omitted) (citing Fed. R. Civ. P. 55(a)). "Second, under Fed. R. Civ. P. 55(b)(1), '[u]pon request of the plaintiff, a default judgment may be entered by the clerk when (1) the plaintiff's claim against the defendant is for a sum certain, (2) the plaintiff has

submitted an affidavit of the amount due, and (3) the defendant has been defaulted for failure to appear.'" *Id.*

When entry by the clerk is inappropriate, "'pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" *United States v. Simmons*, No. 10-CV-1272, 2008 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quotation omitted). "'Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(b)(2).

When seeking a default judgment, the Local Rules require the party to submit an affidavit attesting to the following:

> 1. The party against whom it seeks judgment is not an infant or an incompetent person;
>
> 2. The party against whom it seeks judgment is not in the military service, or if unable to set forth this fact, the affidavit shall state that the party against whom the moving party seeks judgment by default is in the military service or that the party seeking a default judgment is not able to determine whether or not the party against whom it seeks judgment by default is in the military service;
>
> 3. The party has defaulted in appearance in the action;
>
> 4. Service was properly effected under Fed. R. Civ. P. 4;
>
> 5. The amount shown in the statement is justly due and owing and that no part has been paid except as set forth in the statement this Rule requires; and
>
> 6. The disbursements sought to be taxed have been made in the action or will necessarily be made or incurred.

N.D.N.Y. L.R. 55.2(a).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Grp. Merch.*

*Servs. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).  "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189-90 (citation omitted).  "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Grp., Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).  "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158).  "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (quotation omitted).

## B.     Motion for a Default Judgment

Plaintiff's motion for a default judgment complies with the requirements set forth in the Federal Rules of Civil Procedure and the Local Rules.  On August 28, 2017, Plaintiff requested an entry of default against Defendant, and the Clerk of the Court entered default on August 29, 2017.  *See* Dkt. Nos. 15, 16.  Attached to the default motion, Plaintiff provides the declaration of Neal L. Slifkin, which states that Defendant is not an infant, an incompetent person, or a person in the military.  *See* Dkt. No. 19-1 at ¶¶ 11-12.  Additionally, Plaintiff provides proof of service against Defendant.  *See* Dkt. No. 19-4.

Plaintiff seeks a default judgment against Defendant on the following causes of action: (1) trademark infringement under the Lanham Act, (2) false designation of origin under the Lanham

Act, (3) trademark infringement under New York law, and (4) deceptive trade practices under New York General Business Law § 349.  *See* Dkt. No. 19 at 4.  Plaintiff requests a permanent injunction but does not seek money damages.

    *1. Lanham Act Claims*

    "The standards for false designation of origin claims under Section 43(a) of the Lanham Act (15 U.S.C. § 1125) are the same as for trademark infringement claims under Section 32 (15 U.S.C. § 114)."  *Sola Franchise Corp. v. Solo Salon Studios Inc.*, No. 14-CV-946, 2015 WL 1299259, *7 (E.D.N.Y. Mar. 23, 2015) (quoting *Van Praagh v. Gratton*, 993 F. Supp. 2d 293, 306 (E.D.N.Y. 2014)).  To prevail on both claims, a plaintiff must show "first, that its mark merits protection, and, second, that the defendant's use of a similar mark is likely to cause confusion."  *Id.* (quoting *Brennan's, Inc. v. Brennan's Rest., L.L.C.*, 360 F.3d 125, 129-30 (2d Cir. 2004)).

    In regard to the first prong, a certificate of registration with the PTO is  "prima facie evidence that the mark is registered and valid (*i.e.*, protectable), that the registrant owns the mark, and that the registrant has the exclusive right to use the mark in commerce."  *Id.* (quoting *Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc.*, 192 F.3d 337, 345 (2d Cir. 1999)).  Further, a registered mark becomes incontestable when the mark "has been in continuous use for five consecutive years subsequent to the date of . . . registration and is still in use in commerce."  15 U.S.C. § 1065.  "An incontestable trademark 'shall be conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce.'"  *Dress for Success Worldwide v. Dress 4 Success*, 589 F. Supp. 2d 351, 358 (S.D.N.Y. 2008) (quoting 15 U.S.C. § 1115(b)).  Here, Plaintiff registered the FLAX mark with the PTO, has continuously used the

mark in connection with the sale of FLAX goods for over twenty years, and has filed the

necessary affidavit of continuous use with the PTO. *See* Dkt. No. 1-1 at 2-3; Dkt. No. 8-4 at ¶ 5;

Dkt. No. 8-5 at 9. Therefore, Plaintiff's mark is entitled to protection.

       The second prong in analyzing a trademark infringement claim "turns on whether ordinary

consumers 'are likely to be misled or confused as to the source of the product in question because

of the entrance in the marketplace of [the junior user's] mark.'" *Guthrie Healthcare Sys. v.*

*ContextMedia, Inc.*, 826 F.3d 27, 37 (2d Cir. 2016) (alteration in original) (quoting *Playtex*

*Prods., Inc. v. Ga.-Pac. Corp.*, 390 F.3d 158, 161 (2d Cir. 2004)). In the complaint, Plaintiff

alleges that "Defendant's use of Dr Flax, Dr. Flax, Doctor Flax, DoctorFlax, dr.flax, and

@dr.flax, and the Dr. Flax Domain, in connection with the Infringing Goods has caused and is

likely to continue to cause confusion." Dkt. No. 1 at ¶ 28. Indeed, Plaintiff has already been

contacted by a licensee of the FLAX mark who "was aware of Dr. Flax and believed it was a

subsidiary brand of FLAX." Dkt. No. 8-4 at ¶ 28. Furthermore, a review of photos comparing

Defendant's clothing with FLAX brand clothing shows that the two are identical—even the

combinations of clothes and poses struck by the models are the same. *See id.* at ¶¶ 21, 25. The

Court finds that the allegations in the complaint and Plaintiff's submissions are sufficient to

establish Defendant's liability under the Lanham Act.

       *2. Infringement Under New York Law*

       "It is well-established that the elements necessary to prevail on causes of action for

trademark infringement . . . under New York common law 'mirror the Lanham Act claims.'"

*Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005)

(quoting *Malletier v. Dooney & Bourke, Inc.*, 340 F. Supp. 2d 415, 436-37 (S.D.N.Y. 2004)).

Because the Court has concluded that Plaintiff sufficiently alleges the elements of its Lanham Act claims, those allegations also establish a claim for trademark infringement under New York law.

### 3. Deceptive Trade Practices

General Business Law § 349 declares unlawful all "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349(a). "'Section 349 governs consumer-oriented conduct and, on its face, applies to virtually all economic activity.'" *N. State Autobahn, Inc. v. Progressive Ins. Grp. Co.*, 102 A.D.3d 5, 11 (2d Dep't 2012) (quoting *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 55, 698 N.Y.S.2d 615, 720 N.E.2d 892 (1999)) (other citations omitted). To successfully assert a claim under General Business Law § 349(h), "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *City of New York v. Smokes–Spirits.Com, Inc.*, 12 N.Y.3d 616, 621 (2009); *see also Cohen v. JP Morgan Chase & Co.*, 489 F.3d 111, 126 (2d Cir. 2007) (citation omitted).

Plaintiffs allege that Defendant's infringing acts constitute deceptive business practices under § 349. *See* Dkt. No. 1 at ¶¶ 48-51. However, "[i]t is well-established that trademark infringement actions alleging only general consumer confusion do not threaten the direct harm to consumers for purposes of stating a claim under [NYGBL §] 349." *Van Praagh*, 993 F. Supp. 2d at 306 (alterations in original) (quoting *Perkins Sch. for the Blind v. Maxi-Aids, Inc.*, 274 F. Supp. 2d 319, 327 (E.D.N.Y. 2003)). In order to state a cognizable claim for trademark infringement under § 349, a plaintiff must allege "specific and substantial injury to the public interest over and above the ordinary trademark infringement." *Id.* (quoting *Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 887 F. Supp. 2d 519, 543 (S.D.N.Y. 2012)). Here, Plaintiff does not allege

substantial injury to the public interest beyond ordinary trademark infringement.  Therefore,

Plaintiff's motion for default judgment on its § 349 claim is denied.

**C.      Permanent Injunction**

"'A court may issue an injunction on a motion for a default judgment provided that the

moving party shows that (1) it is entitled to injunctive relief under the applicable statute[,] and (2)

it meets the prerequisites for the issuance of an injunction.'" *Choice Hotels Int'l, Inc. v. Kolath*

*Hotels & Casinos, Inc.*, No. 13-CV-192, 2016 WL 225690, *4 (N.D.N.Y. Jan. 19, 2016) (quoting

*Pitbull Prods., Inc. v. Univ. Netmedia, Inc.*, No. 07-CV-1784, 2007 WL 3287368, *5 (S.D.N.Y.

Nov. 7, 2007)).  In this case, the first prong is satisfied because the Lanham Act provides federal

district courts with the "power to grant injunctions, according to the principles of equity and upon

such terms as the court may deem reasonable."  15 U.S.C. § 1116(a).  As for the second prong, a

plaintiff in a trademark case meets the prerequisites for the issuance of an injunction when it

demonstrates

> (1) that it has suffered an irreparable injury; (2) that remedies
> available at law, such as monetary damages, are inadequate to
> compensate for that injury; (3) that, considering the balance of
> hardships between the plaintiff and defendant, a remedy in equity is
> warranted; and (4) that the public interest would not be disserved
> by a permanent injunction.

*Coach, Inc. v. Zhen Zhen Weng*, No. 13-CV-445, 2014 WL 2604032, *20 (S.D.N.Y. June 9,

2014) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).  Plaintiff has met

those prerequisites in this case and is entitled to a permanent injunction.

*1. Irreparable Harm and Equitable Relief*

"Irreparable harm exists in a trademark case when the party seeking the injunction shows

that it will lose control over the reputation of its trademark . . . because loss of control over one's

reputation is neither 'calculable nor precisely compensable.'"  *U.S. Polo Ass'n, Inc. v. PRL USA*

8

*Holdings, Inc.*, 800 F. Supp. 2d 515, 540 (S.D.N.Y. 2011).  "[A]lthough a likelihood of confusion does not create a presumption of irreparable injury, a particularly strong likelihood of confusion should weigh in favor of finding irreparable injury."  *Marks Org., Inc. v. Joles*, 784 F. Supp. 2d 322, 335 (S.D.N.Y. 2011).

Plaintiff has invested over twenty years and many millions of dollars in the reputation of the FLAX mark.  By misappropriating Plaintiff's trademark, Defendant has created a strong likelihood of confusion between the FLAX goods and goods being sold under the Dr. Flax name.  In the absence of injunctive relief, Plaintiff faces the loss of control of the reputation of its brand and the prospective loss of goodwill toward the FLAX mark.  Therefore, the Court finds that Plaintiff has met its burden of establishing irreparable harm in the absence of a permanent injunction.

### 2. Balance of the Hardships and Public Interest

In this case, the balance of the hardships tips in Plaintiff's favor.  Plaintiff has been selling and promoting FLAX goods since 1992, and it has invested approximately $3 to $4 million per year "in the goodwill of the FLAX Mark," including more than $1 million per year in marketing costs.  Dkt. No. 8-4 at ¶ 14.  Loss of control of the FLAX brand's reputation could undermine the goodwill that Plaintiff has been building for twenty-five years.  It could also jeopardize Plaintiff's $20 million in annual sales, as well as Plaintiff's planned sale of the FLAX mark.  *See id.* at ¶ 16; Dkt. No. 8-1 at 18.  Defendant, on the other hand, seems to have only recently established the Dr. Flax brand.  Therefore, the brand has not accumulated the reputation and goodwill that the FLAX brand has gained over the years.  Additionally, the injunction order would not prevent Defendant from selling its goods; it would only prevent Defendant from selling them under the Dr. Flax name.

Finally, Plaintiff has established the likelihood of confusion in this case, and the Second Circuit has long held that there is a "strong interest in preventing public confusion." *ProFitness Phys. Therapy Ctr. v. Pro–Fit Ortho. and Sports Phys. Thearapy P.C.*, 314 F.3d 62, 68 (2d Cir. 2002).  Accordingly, the public interest would not be disserved by granting a permanent injunction order in this case.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment is **DENIED in part** as to Plaintiff's claim under § 349 of the New York General Business Law, and **GRANTED in part** as to all of Plaintiff's other claims; and the Court further

**ORDERS** that Defendant, its agents, employees, and representatives are permanently enjoined from

(a) using any name or mark that is a colorable imitation of, a variation on, or is confusingly similar to Plaintiff's FLAX mark;

(b) using "Dr. Flax" or any variation thereon as a name, trademark name, domain name, or in any other manner in order to offer, distribute, sell, advertise, or promote its goods; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 24, 2018
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

11